UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| HORTON AUTOMATICS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-11-381 |
| | § | |
| THE INDUSTRIAL DIVISION OF THE | § | |
| COMMUNICATIONS WORKERS OF | § | |
| AMERICA, AFL-CIO, *et al*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

Plaintiff brings this action to vacate an arbitration award in favor of the union employee. Presented to the Court is an agreed record comprised of the arbitration proceedings, and the matter is submitted on competing motions for summary judgment. For the reasons set out below, the Court GRANTS the Plaintiff's Motion for Summary Judgment (D.E. 13/14), DENIES the Defendant's Motion for Summary Judgment (D.E. 15/16), and VACATES the affirmative relief granted by the Arbitrator's Opinion and Award on the issue of "enforcement disparity" or "just cause."

## JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 arising out of the Labor Management Relations Act, 29 U.S.C. § 185(a) and the Federal Arbitration Act, 9 U.S.C. §§ 9, 10, and 11.

## FACTS

Ruben Delagarza (Delagarza) was Horton Automatics' (Horton's) employee, operating a tapper, which is an adapted drill, electronically powered, and capable of causing serious injury. Because of the hazards of the machine, Horton required that it be operated only with a guard in place. Horton's rules specifically prohibited reaching around the guard while the machine was in operation. Horton trained Delagarza on these rules. However, on November 4, 2010, Horton's Facilities Maintenance Manager observed Delagarza reaching his hands around the guard while operating the tapper. Delagarza admitted to doing this repeatedly in violation of the safety rules for about 18 months.

At the time of this rule violation, Delagarza was at the "written warning" or third offense level of the progressive disciplinary policy (Section I). An employee is subject to termination at the fifth offense level of that policy. However, if the employee commits a "serious" rule violation (Section II), Horton is permitted to skip a step in the progressive disciplinary policy, which it usually does in cases involving guard violations. Horton considered Delagarza's conduct to be a Section II "serious" rule violation, defined in the Work Rules incorporated into the Collective Bargaining Agreement (CBA) as "Safety violation that causes serious injury or could have caused serious injury." Consequently, Horton skipped a level in the progressive disciplinary policy as it is permitted to do and terminated Delagarza.

Delagarza, through the employee union, filed a grievance that was eventually submitted to arbitration under Article 13, step 6 of the CBA (D.E. 12-5). Pursuant to that arbitration agreement, the role of the arbitrator is set out as follows:

> In determining whether the Company had cause to impose the aggrieved disciplinary action, the Arbitrator shall be limited to deciding whether a published rule or regulation which formed the basis for the discipline was in fact reasonable and violated by the employee.

The Arbitrator, in his Opinion and Award (D.E. 12-2, p. 13), found that the safety rule was reasonable and that it had been violated by the employee. The Arbitrator further noted, "Grievant additionally admitted that he has been using the same procedure for the last eighteen months despite the fact the Company has been providing ongoing safety practice training and safety meetings to all of its employees in late 2008, 2009 and 2010." *Id*. The parties do not quarrel over these findings.

However, the Arbitrator went on to hold that Delagarza's discharge was not for "just cause" because Horton chose to skip a disciplinary step (as it does in guard violations), resulting in termination whereas Horton chose not to skip a disciplinary step in the cases of some other employees committing other similarly serious (but not guard-related) rule violations. The Arbitrator phrased the additional issue he was considering as: "The arbitrator however, finds that a question exists as to whether or not the Company is applying discipline consistently to similarly situated employees." *Id*. Clearly, this is not one of the issues entrusted to the Arbitrator in the CBA.

The Arbitrator then concluded:

> [I]t is the Opinion of the arbitrator the Company has chosen to use its *wide unilateral discretion* in meting out discipline only to certain employees who commit guard violations by skipping a step of the progressive disciplinary procedure. . . .
>
> The arbitrator is not totally convinced that guard violations should be treated more seriously than other serious safety violations. . . . Without a reasonable explanation this too is evidence of disparity. And the fact that the Company did it in other cases does not legitimize the disparity. Thus, it is the arbitrator's Opinion, the Company did not have *just cause* to skip a disciplinary progressive step to terminate the grievant on November 8. The termination is therefore rescinded and reduced to a Final Written Warning.

D.E. 12-2, p. 19 (emphasis added). Horton argues that this holding and the award that followed went beyond the Arbitrator's power as defined by the CBA. Delagarza argues that the Arbitrator was charged with interpreting the entire CBA contract, which includes aspirational goals of harmonious relations between the company and its employees, along with the reference that the company may discharge employees for "just cause."

## DISCUSSION

An arbitrator's powers are determined by the terms of the arbitration agreement. The Fifth Circuit has written:

> Arbitration is a matter of contract. Where arbitrators act contrary to express contractual provisions, they have exceeded their powers. If the contract creates a plain limitation on the authority of an arbitrator, we will vacate an award that ignores the limitation. Limitations on an arbitrator's authority must be plain and unambiguous. A reviewing court examining whether arbitrators exceeded their powers must resolve all doubts in favor of arbitration.

*Rain CII Carbon, LLC v. ConocoPhillips Co.*, 674 F.3d 469, 472 (5th Cir. 2012)

(quotation marks and citations omitted).  Pursuant to the CBA, a disciplinary grievance that is submitted to arbitration vests in the Arbitrator the power to decide two questions: (1) whether the rule at issue is reasonable; and (2) whether the employee violated the rule.  CBA, Art. 13, Step 6, D.E. 12-5, pp. 12-13.  The Court has no doubt regarding the plain and unambiguous import of those limitations on the Arbitrator's power in the CBA.  Moreover, the CBA provides:  "The arbitrator shall not, by his decision change, amend, abrogate or add to any of the provisions of this Agreement."  CBA, Art. 13, Step 6, para. 2, D.E. 12-5, p. 13.  However, claiming jurisdiction over the entire agreement, the Arbitrator undertook to determine a third question:  whether the "cause" under the "Grievance and Arbitration" section of the CBA is equivalent to "just cause" under "Management Rights," Article 6, item 1.  Management had reserved the *exclusive* right to "hire, suspend, discipline or discharge employees for *just cause*, *subject to contractual provisions*."  D.E. 12-5, p. 6 (emphasis added).

      The Arbitrator found inconsistency in Horton's exercise of admittedly "unilateral" rights with respect to skipping steps in disciplinary actions.  The Arbitrator further second-guessed the relative importance of different "serious" disciplinary violations.  As a result, the Arbitrator substituted his judgment for that of Horton, the company responsible for the safe operation of the business for which Delagarza had been employed.  This, he was not empowered to do.  *See generally*, *Container Products, Inc. v. United Steelworkers of America, and its Local 5651,* 873 F.2d 818, 820 (5th Cir. 1989) (disapproving of arbitrator school of thought that company's discipline can be modified

even if disciplinary violation is found and the company was within its discretion to impose the disciplinary consequences complained of).

As a matter of law, the Arbitrator exceeded his powers as described in 9 U.S.C. § 10(a)(4) when he inquired into matters other than the reasonableness of the safety rule and the fact that Delagarza had violated it. Because the Arbitrator's findings on the two issues entrusted to him deprived him of any power to rescind the termination and reduce the disciplinary action to a Final Written Warning, reinstating Delagarza to his former position with lost wages and benefits, the Arbitrator's Award is VACATED with respect to any affirmative relief awarded to the Defendant.

ORDERED this 4th day of May, 2012.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE